IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

```
WILLIE BELL DIXON and         *
DERRELL A. JACKSON,           *
                              *
     Plaintiffs,              *
                              *     CV 321-050
     v.                       *
                              *
LAURENS COUNTY SCHOOL DISTRICT,*
                              *
     Defendant.               *
```

O R D E R

Plaintiffs Willie Bell Dixon and Derrell A. Jackson have filed a complaint alleging several causes of action arising out of their employment against Defendant Laurens County School District (the "School District"). Plaintiffs' claims against individual defendants, Defendants Sunny Franks and Bruce Wood, have been dismissed by an Order of even date. (Order of Nov. 2, 2022, Doc. No. 41.) At present, the School District has moved for partial judgment on the pleadings as to certain federal claims and Plaintiffs' state law claims. Plaintiffs filed a response that opposes the dismissal of only one federal claim. Thus, the unopposed claims upon which the School District seeks judgment on the pleadings will be dismissed. The Court will also consider herein the School District's motion to sever the cases of the Plaintiffs.

## I. THE COMPLAINT

In March 2017, the School District hired Plaintiff Dixon as a bus shop helper and a school bus driver. (Compl., Doc. No. 1, ¶ 54.) At the time she filed the instant complaint, Plaintiff Dixon was 74 years old. (Id. ¶ 52.) As a basis for her federal claims, Plaintiff Dixon alleges that she worked more than 50 hours a week in certain weeks and that the School District failed to pay her overtime wages. (Id. ¶ 57.) In September 2019, the School District hired Plaintiff Jackson as a school bus driver. (Id. ¶ 28.) He claims to have had a heart and lung condition from an occupational injury when he was hired, though he was medically cleared to perform his duties. (Id. ¶¶ 22, 26, 27.) Like Plaintiff Dixon, Plaintiff Jackson takes issue with his wages. He claims the School District promised to pay him approximately $1,400 to $1,800 per month and failed to do so. (Id. ¶ 29.) He also asserts a claim for unpaid overtime wages. (Id. ¶ 32.) Additionally, Plaintiff Jackson complains that he was harassed and discriminated against because of his medical condition. (Id. ¶¶ 34-35.) Finally, Plaintiff Jackson alleges that the School District violated the Family Medical Leave Act in its treatment of him during the COVID-19 pandemic and ultimately in terminating him. (Id. ¶¶ 37-43.)

Upon these facts, Plaintiffs Dixon and Jackson assert a Fair Labor Standards Act ("FLSA") claim in Count I of the complaint

2

based upon the School District's alleged failure to pay "minimum and overtime wages" to Plaintiffs. In Count III, Plaintiff Jackson asserts a claim against the School District for interference with his rights under the Family Medical Leave Act ("FMLA"). Neither of these Counts are the subject of the School District's motion for partial judgment on the pleadings.

The following counts under federal law in the complaint are challenged in whole or in part by the School District through its motion. In Count II of the complaint, Plaintiff Jackson asserts a claim of disability discrimination under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. In Count IV, Plaintiffs Dixon and Jackson assert a claim of race discrimination in violation of 42 U.S.C. § 1981. Count V is brought by both Plaintiffs Dixon and Jackson, alleging retaliation under the FLSA, ADA, Rehabilitation Act, FMLA, and § 1981.

The remaining counts of the complaint, which are also challenged by the School District through its motion, are state law claims: Counts VI, VII and IX are claims of assault, battery, and intentional infliction of emotional distress. Count VIII is Plaintiff Jackson's breach of contract claim against the School District. Finally, Count X is Plaintiff Dixon and Jackson's claim of negligent hiring, retention and supervision against the School District.

In response to Defendants' motion for partial judgment on the pleadings, Plaintiffs jointly filed a response in which they state: "Apart from Plaintiff Dixon's state law battery and intentional infliction of emotional distress claims as well as her FLSA retaliation claim, Plaintiffs do not oppose the School District's Motion." (Doc. No. 33, at 1-2.)

## II.  LEGAL STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Cunningham v. Dist. Att'y's Off. for Escambia Cnty., 592 F.3d 1237, 1255 (11th Cir. 2010) (citation omitted).

The legal standards applicable to Rule 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss are the same. Carbone v. Cable News Network, Inc., 910 F.3d 1345, 1350 (11th Cir. 2018). That is, pursuant to the Twombly/Iqbal paradigm, a claim will be dismissed if it fails to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be plausible, the complaint must contain

"well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." Id. at 679; GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1254 (11th Cir. 2012) (stating that a plaintiff must necessarily "include factual allegations for each essential element of his or her claim"). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 566 U.S. at 678-79. Also, while the facts alleged in the complaint are accepted as true, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 268 (1986).

### III.   MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Plaintiffs do not oppose the motion for judgment on Plaintiff Jackson's ADA claim under Count II or the claim of both Plaintiffs for race discrimination under Count IV of the complaint. These claims are therefore dismissed.

Plaintiffs also do not oppose the motion for judgment on either Count VIII or Count X of the complaint, which are Plaintiff Jackson's breach of contract claim and both Plaintiffs' claim against the School District for negligent hiring, retention and supervision, respectively. These claims are therefore dismissed.

Counts VI, VII and IX are state law claims of intentional tort. Plaintiffs do not oppose the dismissal of Plaintiff

Counts VI, VII and IX are state law claims of intentional tort. Plaintiffs do not oppose the dismissal of Plaintiff Jackson's claim of intentional infliction of emotional distress, his only remaining state law claim. Plaintiffs opposed, however, the dismissal of Plaintiff Dixon's claims of assault, battery, and intentional infliction of emotional distress against Defendant Bruce Wood; the Court, however, has dismissed these claims under the doctrine of official immunity. (Doc. No. 41.) Thus, the only unaddressed state law claims are Plaintiffs' claims of assault, battery, and intentional infliction of emotional distress against the School District. Through its motion, the School District claims to have sovereign immunity against these claims. Plaintiffs do not oppose the applicability of sovereign immunity; thus, any state law claims against the School District are dismissed.[1]

The Court now turns to the remaining claim at issue at this point – Count V – the retaliation claim. Both Plaintiffs Dixon and Jackson allege therein that they have suffered retaliation for the exercise of their rights under the FLSA, ADA, Rehabilitation Act, FMLA, and § 1981. The School District moves to dismiss this claim in its entirety as to Plaintiff Dixon because she failed to state a claim upon which relief can be granted. Plaintiff Dixon

---

[1] The Court notes that the School District also does not have *respondeat superior* liability, which serves as an additional unopposed basis for the dismissal of the intentional state law tort claims against it.

6

opposes only the dismissal of her retaliation claim under the FLSA. To state a retaliation claim under the FLSA, a plaintiff must show: (1) she engaged in activity protected under the FLSA; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection between the employee's activity and the adverse action. Wolf v. Coca-Cola Co., 200 F.3d 1337, 1342-43 (11th Cir. 2000). The complaint contains no factual allegations pertaining to Plaintiff Dixon's "protected activity" in that she does not allege that *she* complained to anyone about matters pertaining to her wages. Rather, the factual allegations concerning wage complaints involve Plaintiff Jackson only. (Compare Compl. ¶ 30 with ¶ 57.) In brief, Plaintiff Dixon points to a paragraph contained within the retaliation claim of Count V, to wit, "*Plaintiffs* complained to the School Board, Pauldo, Passmore, and other School District employees about unlawful employment practices . . . ." (Id. ¶ 124 (emphasis added).) This all-inclusive general statement is not supported by the factual allegations of the complaint however. Plaintiff Dixon alleges no interaction whatsoever with the "School Board, Pauldo, Passmore, and other School District employees" about anything let alone unpaid overtime wages. In short, Plaintiff Dixon has failed to plead facts sufficient to raise this FLSA retaliation claim to plausible under the pleading standards of Iqbal/Twombly. Cf. Iqbal, 556 U.S. at 678 ("Where a complaint pleads facts that are

7

'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" (quoting Twombly, 550 U.S. at 557)). Thus, Plaintiff Dixon's FLSA retaliation claim under Count V is dismissed.

As to Plaintiff Jackson's retaliation claims in Count V, the School District moved for judgment on this claim with respect to the ADA and § 1981, to which he did not object. Thus, Plaintiff Jackson's retaliation claims under the Rehabilitation Act, the FMLA and the FLSA in Count V remain.

### IV.  MOTION TO SEVER

Following entry of this Order, the remaining claims of the case will be Plaintiffs Dixon and Jackson's FLSA claim in Count I; Plaintiff Jackson's claim of disability discrimination under the Rehabilitation Act in Count II; Plaintiff Jackson's FMLA claim in Count III; and Plaintiff Jackson's retaliation claims under the Rehabilitation Act, the FMLA and the FLSA in Count V. Prior to the Court's rulings on the two defense motions for judgment on the pleadings, Defendants sought to sever the case. Plaintiffs opposed. The issue before the Court now is whether Plaintiff Dixon's sole remaining claim under the FLSA should be severed from Plaintiff Jackson's claims.

Under Federal Rule of Civil Procedure 20(a)(1), "[p]ersons may join in one action as plaintiffs if: (1) they assert any right

Case 3:21-cv-00050-DHB-BKE   Document 42   Filed 11/02/22   Page 9 of 11

to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; <u>and</u> any question of law or fact common to all plaintiffs will arise in the action." The original complaint tells a separate story of two different people from start to finish. The only causes of action common to both Plaintiffs (such as the FLSA claim and the intentional tort claims) arise out of different facts. In fact, Plaintiffs did not even share the same tortfeasor with respect to the intentional torts originally plead. Even the remaining common cause of action, the FLSA claim of Count I, arises out of a separate and distinct set of facts as to each Plaintiff. Plaintiff Jackson was employed from September 2019 to October 2020 when he was terminated. Plaintiff Dixon, who had other duties aside from bus driver duties, began over two years earlier in March 2017. Also, Plaintiffs' compensation appears to be structured differently. Finally, Plaintiff Jackson not only has a retaliation claim under the FLSA that Plaintiff Dixon does not, his Rehabilitation Act and FMLA claims are wholly unrelated to Plaintiff Dixon's FLSA claim.

This said, the complaint was filed on August 31, 2021. Yet, Defendants waited over a year to seek severance of the cases. The parties undoubtedly achieved a certain economy of effort and expense in keeping the cases together through discovery, particularly since the parties on either side of the "v" are

9

represented by the same attorneys. The Court does not see any reason to change this dynamic through the end of discovery and the dispositive motions period. Thus, the motion to sever Plaintiffs' claims is denied at this time.

The Court, however, does not foresee trying the two cases together at this point. Plaintiff Jackson's extraneous claims may serve to confuse the issues, mislead the jury, and even prejudice the School District if all matters are tried before one jury. The Court will therefore revisit the issue of severance if and when the case is ready for trial.

### V. CONCLUSION

Upon the foregoing, the Court **GRANTS** Defendant Laurens County School District's motion for partial judgment on the pleadings (doc. no. 27). In so doing, Plaintiffs' claims in Counts IV, VI, VII, VIII, IX, and X are dismissed in their entirety. Also, Plaintiff Jackson's ADA claim in Count II is dismissed, and all claims in Count V (except Plaintiff Jackson's retaliation claim under the Rehabilitation Act, the FMLA and the FLSA) are **DISMISSED**. The remaining claims in the case are Plaintiffs Dixon and Jackson's FLSA claim under Count I; Plaintiff Jackson's Rehabilitation Act claim in Count II; Plaintiff Jackson's FMLA claim under Count III; and Plaintiff Jackson's retaliation claims under the Rehabilitation Act, the FMLA and the FLSA in Count V.

The Court **DENIES** Defendants' motion to sever (doc. no. 28) without prejudice to renew as the case is readied for trial.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of November, 2022.

_____
UNITED STATES DISTRICT JUDGE