IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIE BELL DIXON and DERRELL A. JACKSON, | * * * | |
| Plaintiffs, | * * | |
| v. | * | CV 321-050 |
| LAURENS COUNTY SCHOOL DISTRICT, | * * * | |
| Defendant. | * | |

O R D E R

Plaintiffs Willie Bell Dixon and Derrell A. Jackson filed a complaint alleging several causes of action arising out of their employment against Defendant Laurens County School District (the "School District"). On August 3, 2023, Plaintiff Willie Bell Dixon reached a mediated settlement with the School District and settled her remaining claim in the case under the Fair Labor Standards Act. At present, both Plaintiffs' counsel and the School District's counsel have filed motions to enforce the Dixon settlement agreement.[1] The long and short of the situation appears to be that although Plaintiff Dixon has agreed to the terms of the settlement agreement, even dictating the exact terms thereof in a

---

[1] The separately filed motions to enforce settlement seek the same relief and are unopposed. In her motion, Plaintiffs' counsel emphasizes that, based upon her experience and expertise, the settlement of the Fair Labor Standards Act claim is fair and reasonable. Plaintiffs' counsel also discloses her fee of $17,500, which will come out of the $42,500 settlement amount. The Court finds this amount reasonable in light of the work required through the late stages of this litigation.

couple of instances, she refuses to sign the settlement agreement. Counsel for the parties are nonetheless ready to make the necessary payments and conclude the matter. There is no indication that Plaintiff Dixon disputes the fact of settlement or any specific term thereof.

Upon due consideration of both motions to enforce settlement, and upon a determination that the settlement (as reflected in Court Exhibit A attached hereto) is a fair and reasonable resolution of Plaintiff Dixon's Fair Labor Standards Act claim against the School District, the motions to enforce settlement (doc. nos. 77 & 78) are **GRANTED**. The settlement reached by the parties in Court Exhibit A is approved.

Accordingly, any and all claims of Plaintiff Willie Bell Dixon against the School District are **DISMISSED WITH PREJUDICE**. The terms and conditions of the parties' settlement agreement in Court Exhibit A are hereby incorporated into this Dismissal Order, and the Court will retain jurisdiction to enforce the settlement agreement. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994).

**ORDER ENTERED** at Augusta, Georgia, this 28th day of September, 2023.

_____
UNITED STATES DISTRICT JUDGE

2

# COURT EXHIBIT A

### SETTLEMENT AGREEMENT AND RELEASE

FOR AND IN CONSIDERATION of the total sum of Forty Two Thousand Five Hundred Dollars and No Cents ($42,500.00) ("Settlement Amount") (allocation of which is set forth below) the receipt of which is hereby acknowledged, and the mutual covenants set forth below, Willie Bell Dixon ("Undersigned" or "Dixon") does hereby release, remise and forever acquit the Laurens County School District ("School District"), the Laurens County Board of Education ("Board"), and each and all of their past and present board members, agents, servants, attorneys and employees, and Wright Risk Management Company, LLC, Wright Specialty Insurance Agency, LLC, and each and all of their affiliated or subsidiary companies, directors, officers, agents and employees ("Released Parties") of and from the demands, damages, claims, suits, actions or causes of action, both in tort and in contract, known or unknown, existing, pending, accrued or unaccrued as of the date of this Release including, but not limited to, the rights, demands, damages, claims, suits, appeals, actions, or causes of action, growing out of or any way related to the allegations raised by Dixon in that certain lawsuit filed in the United States District Court of the Southern District of Georgia captioned, <u>Willie Bell Dixon, et al. v. Laurens County School District, et al.</u>, Case No. 3:21-cv-00050-DHB-BKE ("Lawsuit"). The Undersigned hereby releases the claims she may have against the Released Parties for compensatory damages, pain and suffering, emotional distress, punitive damages, wages, attorney's fees, costs or other items of loss or damages which were or could have been asserted in connection with the Lawsuit.

The Undersigned does hereby release, settle and extinguish forever the claims which were asserted or which could have been asserted, whether known or unknown, accrued or unaccrued as of the date of this Release in the Lawsuit against the Released Parties.

Notwithstanding the foregoing, this Settlement and Release shall not release the following:

- Claims in Dixon's EEOC Charge No. 410-2023-06434 ("Charge"), received by the EEOC April 14, 2023, arising out allegations pertaining to retaliation after the Undersigned's deposition taken on November 3, 2023 in the Lawsuit.
- The Georgia Worker's Compensation claim filed by Dixon on March 8, 2023.

The Undersigned specifically authorizes and directs her attorneys of record to file a joint motion to approve this settlement no later than (5) business days after this Release is executed. No payment to the Releasing Parties shall be made prior to court approval of this Settlement Agreement and Release.

The Settlement Amount shall be allocated as follows: $25,000 for Dixon as consideration for this settlement and release and $17,500 for attorney's fees and expenses in the Lawsuit. The checks for the aforementioned amounts shall be made payable and delivered to Molden & Associates.

The Settlement Amount shall be paid no later than twenty-one (21) days of court approval of this settlement agreement.

The Releasing Parties understand and agree that they are fully responsible for any and all of the federal, state and local taxes and social security payments, if any, owed on the sums paid under this Agreement. The Undersigned acknowledges that she has been provided no tax advice by the Released Parties nor has she received or relied on any advice of the Released Parties regarding any aspect of this Agreement and that she shall indemnify the Released Parties for any tax liability hereunder.

School District shall pay all costs of the mediation that took place on August 3, 2023.

Dixon agrees that she will retire from her employment with the School District and Board, which retirement shall be effective as of the date of delivery to Molden & Associates of the checks for the Settlement Amount. Dixon agrees not to apply for employment with the School District and Board and the School District and Board agree not to rehire Dixon.

This Agreement is to compromise a disputed claim and for no other purpose. The Undersigned agrees, understands, and acknowledges that the Released Parties recognize, admit, or acknowledge no liability whatsoever to the Undersigned and, further, that the Released Parties hereby specifically deny any such liability. Neither this Agreement nor any payment hereunder is to be construed as an admission of liability on the part of the Released Parties.

Dixon hereby warrants, covenants, and represents that prior to the execution of this Agreement she has not conveyed, transferred, pledged, hypothecated, or in any other manner whatsoever assigned or encumbered any of the rights, demands, damages, claims, suits, actions or causes of action released herein.

Dixon authorizes and directs her attorneys of record to file a joint motion to dismiss all of her claims in the Lawsuit with prejudice no later than five (5) business days after delivery of the checks for the Settlement Amount to Molden & Associates.

In entering into this Agreement, the Undersigned represents that she has relied upon the legal advice of her attorney who is the attorney of her own choice, and that the terms of this Agreement have been completely read and explained to her by her attorneys and that those terms are fully understood and voluntarily accepted by her.

This Settlement Agreement and Release contains the entire agreement between the parties and shall be binding and inure to the benefit of the executors, administrators, representatives, successors and assigns of the Releasing Parties and Released Parties.

Executed under hand and seal of the Undersigned this ___ day of _____ 2023.

_____
WILLIE BELL DIXON


_____
LAURENS COUNTY SCHOOL DISTRICT